IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MELVIN O. RUSHING, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 21-cv-446-DWD |
| ) | |
| WARDEN SPROUL, ) | |
| ) | |
| Respondent. ) | |

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

**DUGAN, District Judge:**

In Case No. 12-cr-090-AWA-TEM in the Eastern District of Virginia, Petitioner Melvin O. Rushing, Jr. was convicted following a jury trial of (1) conspiracy to obstruct, delay, and affect commerce by robbery in violation of 18 U.S.C. § 1951(a) (conspiracy to commit a "Hobbs Act" robbery), (2) obstructing, delaying, and affecting commerce by robbery in violation of 18 U.S.C. § 1951(a) and 2 (Hobbs Act robbery), and (3) possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c) and 2. Rushing, now a federal inmate incarcerated at USP-Marion within the Southern District of Illinois, brings a *pro se* petition pursuant to 28 U.S.C. § 2241 challenging his conviction because he asserts that there is no federal jurisdiction over a robbery of a local business by local suspects.

This case is before the Court for preliminary review of Rushing's petition pursuant to Rule 4 of the FEDERAL RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS, which can be applied to § 2241 petitions pursuant to Rule 1(b). Rule 4

directs the judge who receives a petition to promptly examine it, and, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."

Following a February 2013 jury trial, Rushing was convicted of attempting to rob a McDonald's restaurant in Hampton, Virginia. His petition explains that on May 6, 2009, two individuals, one of whom a jury concluded was Petitioner, entered the McDonald's restaurant and hid in the restroom. They emerged from the restroom with a gun drawn and demanded money, but the manager had fled the scene. As a result of the manager's absence, they were unable to obtain any currency from the robbery attempt, and the men forced the remaining employees into a freezer before fleeing.

Before his trial, Rushing moved to dismiss the indictment against him for lack of jurisdiction, arguing that the alleged crimes did not have a sufficient impact on interstate commerce. The trial court denied his motion. Rushing did not appeal any aspect of his conviction or sentence, but he did file a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 with the sentencing court. His § 2255 motion sought relief pursuant to *Johnson v. United States*, 576 U.S. 591 (2015), arguing that a Hobbs Act robbery is not a crime of violence for purposes of the Armed Career Criminal Act, 18 U.S.C. § 924(c). On July 31, 2019, in *United States v. Mathis*, 932 F.3d 242 (4th Cir. 2019), the Fourth Circuit held that a Hobbs Act robbery is a crime of violence, and Rushing's motion was denied. He did not appeal the denial, nor has he sought to file a second or successive § 2255 motion raising any other issues.

Upon review of Rushing's petition, the Court concludes that it plainly appears that

Rushing is not entitled to relief even without full briefing on his claims. By focusing on the attempted robbery of a "local restaurant" by "local suspects" with no currency taken, Rushing's petition alleges that there was no jurisdiction over his conviction because the impact on interstate commerce was *de minimis*. Hobbs Act robbery has two elements: "a robbery and an effect on interstate commerce." *United States v. Carr*, 652 F.3d 811, 812 (7th Cir. 2011). Under the Hobbs Act:

> The term "commerce" means commerce within the District of Columbia, or any Territory or Possession of the United States; all commerce between any point in a State, Territory, Possession, or the District of Columbia and any point outside thereof; all commerce between points within the same State through any place outside such States; and all other commerce over which the United States has jurisdiction.

18 U.S.C § 1951(b)(3). The Supreme Court has described this definition as "unmistakably broad. It reaches any obstruction, delay, or other effect on commerce, even if small." *Taylor v. United States*, 136 S.Ct. 2074, 2079 (2016).

Contrary to the suggestion in Rushing's petition, the Government need "show only that the charged crime had a '*de minimis*' or slight effect on interstate commerce," and targeting a business engaged in interstate commerce is a sufficient interstate nexus for federal jurisdiction. *United States v. Carr*, 652 F.3d 811, 813-14 (7th Cir. 2011). As the Seventh Circuit noted:

> An act of violence against even one business … could conceivably deter economic activity and thus harm national commerce. The economic harm would not necessarily depend upon the amount of money with which any particular defendant absconds. If retail stores, in the aggregate, have a substantial effect on commerce (which they undoubtedly do), then the federal government has a legitimate interest in preventing any crime like the one in this case.

*Id.* at 814 (internal citation omitted). To the extent that Rushing suggests that the *de minimis* standard should be invalidated, this Court applies the law of the Seventh Circuit and is bound by its precedent. To the extent that Rushing argues that a McDonald's is a "local restaurant" not engaged in interstate commerce, such an argument defies logic and plainly lacks merit.

The Court also notes that Rushing fails to address whether his claims can be brought pursuant to § 2241. Generally, § 2241 petitions may not be used to raise claims of legal error in a conviction or at sentencing and are limited to challenges regarding the execution of a sentence. *See Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). A prisoner who has been convicted in federal court typically must bring challenges to his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the sentencing court. A prisoner is limited to bringing only one motion under § 2255, however, unless a panel of the appropriate court of appeals authorizes the filing of a second or successive motion after certifying that the motion will involve either newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty" or a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Under very limited circumstances, a prisoner may employ § 2241 to challenge his federal conviction or sentence. Section 2255(e) contains a "savings clause" that authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." The Seventh Circuit has explained that

a "procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998).

In the wake of *Davenport*, a petitioner must meet three conditions to trigger the savings clause. First, he must show that he relies on a new statutory interpretation case rather than on a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion and that the decision applies retroactively. Finally, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is so grave that it is deemed a miscarriage of justice. *See Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).

Here, even if Rushing claimed clearly that a § 2255 motion was an inadequate or ineffective means to challenge his conviction, he does not point to a new case of statutory interpretation supporting his claims, nor does he rely on any decision or raise any argument that could not have been invoked in his first § 2255 motion. He notes that he did not raise this issue, or any issue, on direct appeal because he was unaware of a commerce-related claim at the time he filed his § 2255 motion. (*See* Doc. 1, p. 26). This is belied by his challenge to jurisdiction for commerce-related issues prior to trial, but, even accepting his statement as true, lack of knowledge of a potential § 2255 claim is insufficient to establish that § 2255 was an inadequate or ineffective manner in which Rushing could have challenged his conviction. Given the lack of a basis for invoking the

"savings clause" and the lack of merit in the petition overall, the Court must dismiss Rushing's petition.

## CONCLUSION

For all these reasons, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED**. This action is **DISMISSED with prejudice**. The Clerk of Court shall enter judgment reflecting the dismissal and shall close this case.

It is not necessary for Petitioner to obtain a certificate of appealability should he choose to appeal this Order denying his § 2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000). Petitioner may appeal by filing a notice of appeal, which typically must be filed within 30 days of the entry of judgment. *See* FED. R. APP. P. 4.

**SO ORDERED.**

Dated: May 18, 2021

_____
DAVID W. DUGAN
United States District Judge